IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-15-09-GF-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| EMERSON PAUL BIRDTAIL, | |
| Defendant. | |

## I. Synopsis

Mr. Birdtail was accused of violating his conditions of supervised release by 1) committing another crime, 2) failing to report a change in address to his Probation Officer, and 3) consuming alcohol. He admitted to Violation 3, after an evidentiary hearing, was found to have committed Violation 2. The United States failed to prove by a preponderance of the evidence that Mr. Birdtail had committed Violation 1. Mr. Birdtail's supervised release should be revoked. He should be sentenced to four months of custody, with thirty-two months of supervised release to follow.

## II. Status

On August 6, 2015, United States District Judge Brian Morris sentenced Mr.

1

Birdtail to thirty-four months custody, with three years of supervised release to follow, after Mr. Birdtail pled guilty to Assault Resulting in Serious Bodily Injury. (Doc. 27). Mr. Birdtail's term of supervised release began on September 27, 2017.

**Petition**

On March 28, 2018, the United States Probation Office filed a petition asking the Court to revoke Mr. Birdtail's supervised release. The petition alleged that on March 19, 2018, Mr. Birdtail was arrested for Partner Family Member Assault, stemming from an incident where it is alleged that Mr. Birdtail struck his wife while driving in Great Falls, after which Mrs. Birdtail was hospitalized with significant facial injuries. The petition further alleged that Mr. Birdtail was not living in the place approved by probation after his Probation Officer conducted a home visit on March 20, 2018, and that Mr. Birdtail had not contacted his Probation Officer as of the writing of the petition. Finally, the petition alleged that on November 9, 2017, Mr. Birdtail provided a urinalysis positive for alcohol, and admitted that he consumed alcohol on November 7, 2018. (Doc. 30). Based on the petition, Judge Morris issued a warrant for Mr. Birdtail's arrest. (Doc. 31).

**Initial appearance**

Mr. Birdtail appeared before the undersigned on April 4, 2018, in Great Falls, Montana, for an initial appearance. Federal Defender Hank Branom

accompanied him at the initial appearance. Assistant United States Attorney Jeff Starnes represented the United States.

Mr. Birdtail said he had read the petition and understood the allegations. Mr. Birdtail waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Birdtail admitted that he violated the condition of his supervised release as set forth in Violation 3, but denied the allegations in Violations 1 and 2. Mr. Branom requested time to prepare for an evidentiary hearing, to which the United States did not object. The hearing was continued until April 9, 2018.

On April 9, 2018, Mr. Birdtail appeared with Federal Defender Tony Gallagher before the undersigned for a revocation hearing. Mr. Starnes appeared on behalf of the United States. The parties presented evidence and testimony as to whether or not Mr. Birdtail committed the acts as alleged in Violations 1 and 2. The Court finds that the United States has not met its burden to show by a preponderance of the evidence that Mr. Birdtail committed the acts as alleged in Violation 1. The Court finds that the United States has met its burden with respect to Violation 2, as well as Violation 3, which Mr. Birdtail admitted. The violations are serious and warrant revocation of Mr. Birdtail's supervised release.

Mr. Birdtail's violation grade is Grade C, his criminal history category is IV, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for six to twelve months in custody.

Mr. Gallagher argued for a sentence of time-served followed by supervised release, arguing that Mr. Birdtail had benefitted greatly from counseling and that Mr. Birdtail would redouble his efforts to succeed while on release. Mr. Birdtail addressed the Court and said he wished to see his counselor more often, and said that the reason he did not contact his Probation Officer to report a change in address was because he panicked. Mr. Starnes argued for a below guideline sentence greater than time-served, noting Mr. Birdtail has an extensive criminal history and that he has substance abuse problems.

### III. Analysis

Mr. Birdtail's supervised release should be revoked because he violated its conditions as alleged in Violations 2 and 3. Mr. Birdtail should be sentenced to four months of custody, with thirty-two months of supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but is not greater than necessary.

## IV. Conclusion

Mr. Birdtail was advised that the above sentence would be recommended to Judge Morris. The undersigned reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Birdtail's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Birdtail's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Emerson Paul Birdtail violated the conditions of his supervised release by 1) failing to report a change in address to his Probation Officer, and 2) consuming alcohol.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Birdtail's supervised release and committing Mr. Birdtail to the custody of the United States Bureau of Prisons for four months, with thirty-two months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

5

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 10th day of April, 2018.

_____
John Johnston
United States Magistrate Judge