IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EMERSON PAUL BIRDTAIL II,<br><br>Defendant. | CR 15-09-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

### I.  Synopsis

Defendant Emerson Paul Birdtail II (Birdtail) has been accused of violating the conditions of his supervised release.  Birdtail admitted all of the alleged violations.  Birdtail's supervised release should be revoked.  Birdtail should be placed in custody for 14 months, with no supervised release to follow.

### II.  Status

Birdtail pleaded guilty to Assault Resulting in Serious Bodily Injury on April 23, 2015.  (Doc. 21).  The Court sentenced Birdtail to 34 months of custody, followed by 3 years of supervised release.  (Doc. 27).  Birdtail's current term of supervised release began on December 17, 2019.  (Doc. 66 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on

May 4, 2020, requesting that the Court revoke Birdtail's supervised release. (Doc. 66). The Amended Petition alleged that Birdtail had violated the conditions of his supervised release: 1) by failing to comply with the terms of his home confinement; and 2) by committing another other crime.

**Initial appearance**

Birdtail appeared before the undersigned for his initial appearance on the Amended Petition on May 13, 2020. Birdtail was represented by counsel. Birdtail stated that he had read the petition and that he understood the allegations. Birdtail waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 13, 2020. Birdtail admitted that he had violated the conditions of his supervised release: 1) by failing to comply with the terms of his home confinement; and 2) by committing another other crime. The violations are serious and warrant revocation of Birdtail's supervised release.

Birdtail's violations are Grade C violations. Birdtail's criminal history category is IV. Birdtail's underlying offense is a Class C felony. Birdtail could be incarcerated for up to 24 months. Birdtail could be ordered to remain on

supervised release for up to 28 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Birdtail's supervised release should be revoked. Birdtail should be incarcerated for 14 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Birdtail that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Birdtail of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Birdtail that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Emerson Paul Birdtail II violated the conditions of his supervised release: by failing to comply with the terms of his home confinement; and by committing another other crime.

The Court **RECOMMENDS:**

> That the District Court revoke Birdtail's supervised release and commit Birdtail to the custody of the United States Bureau of Prisons for 14 months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 14th day of May, 2020.

_____
John Johnston
United States Magistrate Judge